ROD DANIELSON, Chapter 13 Trustee
3787 University Avenue
Riverside, CA  92501
(951) 826-8000   FAX (951) 826-8090

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:25-bk-12070-RB |
| | Chapter 13 |
| MARGARET ANN LEWIS, | CHAPTER 13 TRUSTEE'S RESPONSE TO CREDITOR'S MOTION REGARDING THE AUTOMATIC STAY |
| Debtors. | |
| | Date: December 3, 2025 |
| | Time: 11:00 AM |
| | Courtroom: 303 |

    Rod Danielson, Chapter 13 Trustee ("Trustee") hereby replies to the Motion for Relief from the Automatic Stay ("Motion").

    Per the Motion, the debtor has defaulted on the post-petition payments. Consequently, the debtor might cure the default without necessitating an adequate protection stipulation, or alternatively, the debtor might agree to an adequate protection stipulation that contemplates continued direct payments by the debtor post-confirmation. Unfortunately, direct payments have not worked in this case. As the Motion indicates, direct payments (instead of conduit payments) have not been successful in this particular case.

-1-

Bankruptcy courts have the power and discretion to require conduit payments. Ninth Circuit law has rejected the argument by debtors that they always have the absolute right to make direct payments whenever they wish to do so. *In re Giesbrecht*, 429 B.R. 682 (9th Cir. BAP 2010). Instead, "bankruptcy courts have been afforded the discretion to make the determination of when direct payments may or may not be appropriate . . . ." *Id.* at 690.

Throughout the nation, conduit payments are used more frequently than direct payments. According to the most recent U.S. Trustee program statistics (Fiscal Year 2024), 83% of the chapter 13 trustees make full or partial conduit payments.[1] This practice is consistent with the express language of the bankruptcy code. Specifically, section 1326(c) states that "[e]xcept as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan." This language creates a presumption that the debtor will pay funds to the trustee and the trustee will make all required payments to creditors.

Once a post-confirmation default occurs, direct payments seem improvident, and the provisions of section 1326(c) should be applied. Requiring conduit payments whenever a debtor has defaulted makes sense. When a chapter 13 debtor has failed to timely make direct payments, it is reasonable to conclude that the chapter 13 trustee should handle disbursements to the creditor post-petition. The chapter 13 trustee is a bonded fiduciary appointed for the primary purpose of efficiently and timely receiving money from debtors and distributing funds to creditors. In the vast majority of cases, a chapter 13 trustee is more qualified to timely act as the post-petition disbursing agent than a debtor who has failed to act as a timely disbursing agent. Indeed, the primary role of the chapter 13 trustee is to pay creditors in the case whether secured or unsecured.

---

[1] www.justice.gov/ust/private-trustee-data-statistics/chapter-13-trustee-data-and-statistics

Conduit payments offer multiple advantages most of which have been described in detail in published cases. *See e.g.*, *In re Carey*, 402 B.R. 327 (Bankr. W.D.Mo. 2009). First, using conduit payments will save court time and resources by reducing the number of motions for relief from stay, reducing the amount of time spent monitoring direct pay cases, and other time savings. Second, using conduit payments will also reduce the number of instances in which secured creditors are paid late and reduce attorneys' fees, time and resources expended by secured creditors in obtaining relief from the automatic stay. Third, conduit payments will significantly increase the information readily available regarding post-confirmation payments.

For all the foregoing reasons, the Trustee requests that any adequate protection order be granted in the form of an order modifying the confirmed chapter 13 plan that converts direct payments to the moving party into conduit payments by paying all post-petition arrearages by conduit and all future monthly payments by conduit. The Trustee can prepare and submit to the Court the needed stipulation and order using the terms agreed upon between the moving party and the debtor.

Alternatively, if the debtor cures the default without necessitating an adequate protection stipulation, then the Trustee requests the Court require all future monthly payments to the moving party be conduit payments. The Trustee can prepare and submit to the Court a stipulation and order reflecting the conversion to conduit payments.

Dated: October 22, 2025    /s/Rod Danielson
                           ROD DANIELSON, Chapter 13 Standing Trustee

| In re: **MARGARET ANN LEWIS** | **Chapter: 13** |
|---|---|
| Debtor(s) | Case Number: **6:25-bk-12070-RB** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3787 University Avenue, Riverside, CA 92501.

A true and correct copy of the foregoing document entitled: **CHAPTER 13 TRUSTEE'S RESPONSE TO CREDITOR'S MOTION REGARDING THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Orders LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/22/2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**US Trustee: ustpregion16.rs.ecf@usdoj.gov**
**ktran@ktranlaw.com**

☐ Service Information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On **10/22/2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here contitutes a declaration that mailing

**Debtor**
MARGARET ANN LEWIS
35890 BUTCHART STREET
WILDOMAR, CA 92595

HONORABLE MAGDALENA
REYES BORDEAUX
3420 TWELFTH ST, SUITE 365
RIVERSIDE, CA 92501-3819

☐ Service Information continued on attached pag

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge

☐ Service Information continued on attached pag

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and corre

| 10/22/2025 | /s/ Susan Jones |
|---|---|
| Date | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

FG:173 - BK
JUNE 2012

**F 9013-3.1.PROOF.SERVICE**